No. 99-700

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 138

300 Mont. 31

1 P.3d 956

STATE OF MONTANA,

Plaintiff and Respondent,

v.

STEPHEN LEROY COONEY,

Defendant and Appellant.

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable Douglas G. Harkin, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Terry G. Sehestedt, Attorney at Law, Missoula, MT

For Respondent:

Honorable Joseph P. Mazurek, Attorney General; John Paulson,

Assistant Attorney General; Helena, Montana

Fred R. Van Valkenburg, County Attorney, Missoula, Montana

_____

Submitted on Briefs: April 27, 2000

Decided: May 25, 2000

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶1 Stephen LeRoy Cooney appeals an order of the Fourth Judicial District Court, Missoula County, continuing his commitment to the custody of the Montana Department of Public Health and Human Services for care and treatment. We affirm.

¶2 The issue is whether the District Court's October 12, 1999 ruling that Cooney presents a substantial risk of serious bodily injury or death to himself or others is supported by clear and convincing evidence.

¶3 Cooney was charged with the offense of stalking in 1996. He had previously been found guilty, in 1994, of stalking the same individual, a young woman who had rented an apartment from him in 1989. The District Court found Cooney unfit to proceed as to the 1996 charge and placed him in the custody of the Department of Public Health and Human Services, to be committed to an appropriate institution as long as his unfitness continued. Cooney ultimately pled not guilty to the 1996 charge by reason of mental disease or defect and was committed to the custody of the Department. In January 1998, that commitment was extended. This Court affirmed that decision. *State v. Cooney,* 1998 MT 208, 290 Mont. 414, 963 P.2d 1272.

¶4 In December 1998, the Montana State Hospital's Forensic Review Board recommended

that Cooney be released, conditionally, from the State Hospital, where he was confined. The Department filed a petition with the District Court for his release, and the court appointed a psychiatrist to evaluate him and make a recommendation. In June 1999, however, the Department moved to dismiss its petition for Cooney's release, citing his "psychiatric decompensation." Cooney objected and requested a hearing.

¶5 At a September 1999 hearing, the court heard testimony by its appointed psychiatrist, Dr. William Stratford, and by Dr. Virginia Hill of the Montana State Hospital. The court subsequently entered its findings, conclusions, and order ruling that because Cooney continued to present a substantial risk of serious mental harm to the young woman whom he had stalked, his commitment must be continued.

## Discussion

¶6 Is the District Court's October 12, 1999 ruling that Cooney presents a substantial risk of serious bodily injury or death to himself or others supported by clear and convincing evidence?

¶7 As indicated in the facts set forth above, Cooney was committed to the Montana State Hospital on grounds that he was not guilty of criminal charges by reason of a mental disease or defect. The burden on the State in a proceeding to continue a person's commitment on such grounds is proof by clear and convincing evidence that the person

> may not be safely discharged or released because the person continues to suffer from a mental disease or defect that causes the person to present a substantial risk of:
>
> (i) serious bodily injury or death to the person or others;
>
> (ii) an imminent threat of physical injury to the person or others; or
>
> (iii) substantial property damage.

Section 46-14-302(6)(b), MCA. In reviewing the District Court's decision, this Court will set aside findings of fact only if they are clearly erroneous; we review conclusions of law for correctness. *Cooney*, at ¶ 8.

¶9 Cooney does not specifically challenge any of the findings of fact made by the District Court but instead argues that court erred in concluding that the State presented clear and

convincing evidence that, if released, he would present a substantial risk under any of the above subsections of the statute. While acknowledging that inflicting serious mental illness or impairment on another person would constitute "serious bodily injury" as that term is defined at § 45-2-101(65), MCA, and further acknowledging that it is possible that he might try to contact his victim again, he asserts that there is no evidence that he has the ability to make such contact. Moreover, he contends that the victim's probable adverse reaction to the mere fact of his release does not constitute serious mental illness or impairment.

¶10 At the hearing before the District Court, Dr. Hill testified that for a time Cooney had responded well to his treatment, which led to the recommendation for his conditional release. However, after that recommendation was made, Cooney had an allergic reaction to a psychotropic medication. That medication was therefore discontinued, resulting in an exacerbation of Cooney's delusional disorder. Dr. Hill testified that at the time of the hearing, Cooney continued to suffer from a delusional disorder but Cooney did not believe that he was mentally ill or see a reason to take medication to control that disorder. Both Dr. Hill and Dr. Stratford testified that without continued medication and monitoring, Cooney was likely to attempt to contact his stalking victim if he was released from the State Hospital.

¶11 In a letter received into evidence, Cooney's stalking victim chronicled Cooney's persistent and successful efforts during a period of ten years to hunt her down and find her, even though she had moved to another state, had an unlisted telephone number and address, and had taken precautions to seclude herself. She stated that she had no doubts that Cooney would be able to locate her and members of her family and would continue stalking her if he was released. The stalking victim's mother voiced a similar concern by her own letter to the court, and noted that the victim's employment exposes her to discovery by Cooney. The record before the District Court establishes that Cooney is fully capable of acting upon his delusional beliefs by tracking down and contacting his victim.

¶12 Dr. Stratford characterized the victim's probable response to Cooney's stalking as rising to the level of a serious mental impairment. Dr. Hill also testified that it was possible that the victim would be emotionally traumatized and would suffer a serious mental injury as a result of Cooney's continued stalking.

¶13 We conclude that the evidence at the hearing, including the record of Cooney's history, the medical opinions as to his continuing delusional disorder, his stalking victim's

statement about her fears should he be released, and the medical opinions about his likely actions and her likely reaction should he be released, clearly established that, if released, Cooney presented a substantial risk of causing serious mental impairment in another person. We therefore agree with the District Court that the State presented clear and convincing evidence that Cooney posed a substantial risk of serious bodily injury or death to himself or others.

¶14 Affirmed.

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART'

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER